IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERZE MATILDE VILLANUEVA and BESCAIDA MATILDE VILLANUEVA,<br><br>    Plaintiffs,<br><br>    v.<br><br>FREY'S CLEANERS INC. and KYUNG KWON,<br><br>    Defendants. | **COMPLAINT** |

## PRELIMINARY STATEMENT

1.  Plaintiffs Merze Matilde Villanueva ("Merze Matilde") and Bescaida Matilde Villanueva ("Bescaida Matilde") were employed by defendants to iron clothes at defendant's laundry and dry cleaning business. Despite the difficult work plaintiffs performed for about 50 hours per week, defendants failed to pay plaintiffs the minimum wage or to pay overtime for hours worked over 40 in a week.

2.  Plaintiffs bring this lawsuit against defendants in order to enforce their rights to be properly and lawfully paid under the New York Labor Law ("NYLL") and the federal Fair Labor Standards Act (FLSA).

3.  Plaintiffs further seek to vindicate their rights under NYLL to receive the legally-required wage notices of their pay rates and pay stub information with their wages.

4.  Plaintiffs further bring this lawsuit to enforce their rights to complain about violations of the NYLL without facing retaliation.

### I.      JURISDICTION AND VENUE

- 1 -

5. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

6. In addition, the Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim.

7. Plaintiffs' state law claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts of which give rise to plaintiff's claims occurred in Yonkers, Westchester County, New York, in this District.

## II.    PARTIES

### A.  Plaintiffs

9. Merze Matilde is an adult individual who currently resides in Yonkers, New York.

10. Merze Matilde was first employed by defendants about 10 years ago. She was re-hired in approximately October 2015 and worked for defendants until January 2016. She was again re-hired in approximately March 2016, and worked for defendants until she was fired May 28, 2016.

11. The relevant time period of this action is plaintiff's two more recent tenures with defendants, from approximately October 2015 until January 2016 and from approximately March 2016 until May 28, 2016.

12. At all times relevant to this action, Merze Matilde was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

13. Bescaida Matilde, Merze Matilde's sister, is an adult individual who currently resides in Yonkers, New York.

14. Bescaida Matilde was first employed by defendants about 10 years ago. She was re-hired in April 2014, and worked for the defendants until she was fired on May 28, 2016.

15. The relevant time period of this action is plaintiff's more recent tenure with defendants, from April 2014 until May 28, 2016.

16. At all times relevant to this action, Bescaida Matilde was an "employee" of defendant as defined in NYLL § 190(2) and 12 NYCRR §§ 142-2.14, 146-3.2.

### B. Defendant

17. Frey's Cleaners Inc. ("Frey's Cleaners") is a laundry and dry cleaning business located at 926 Nepperhan Ave., Yonkers, NY 10703.

18. Frey's Cleaners is a domestic business corporation that was formed in August 2008 under the corporation laws of the state of New York.

19. Upon information and belief, Kyung Kwon is the owner of Frey's Cleaners.

20. Upon information and belief, Frey's Cleaners has engaged and continues to engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that it: (i) has had and continues to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) has had and continues to have employees working with goods and materials that have been shipped into this state from other states.

21. At all relevant times, defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all times relevant to this action, defendant was an "employer" and "employed"

plaintiff as defined by 29 U.S.C. § 203(d), NYLL §§ 2(6), 190(3) and 651(6).

## IV.   FACTS

23.   Plaintiffs' job duties at Frey Cleaners during the relevant period included ironing clothes that had been washed and dried in the business's washing machines and dryers.

24.   Defendants agreed to pay plaintiffs an hourly wage.

25.   Defendants paid plaintiffs less than the minimum hourly wage required by the NYLL, which was $9.00 per hour in 2016, $8.75 per hour in 2015, and $8.00 per hour in 2014.

26.   At all times relevant to this action, plaintiffs were regularly scheduled by defendant to work more than 40 hours per week.

27.   At all times relevant to this action, plaintiffs worked between 46.5 to 52.5 hours per week, working on average approximately 50 hours per week.

28.   Plaintiffs did not receive one and one-half times their hourly rate for hours they worked in excess of 40 in a week.

29.   Plaintiffs did not receive at the time of hiring or any subsequent time a wage notice in English or in Spanish,  the plaintiffs' primary language, containing information outlined in NYLL § 195(1), including information such as the rate of pay.

30.   Plaintiffs did not receive weekly wage stubs or statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

31.   On May 28, 2016, Plaintiff Merze Matilde was fired after complaining to Mr. Kwon numerous times about conditions in the workplace. She then told her sister, Bescaida Matilde, as well as other co-workers, that she thought her firing had been unfair and she was considering filing a complaint with the Department of Labor.

32. Later that day, co – workers reported to Mr. Kwon that Merze Matilde was considering going to the Department of Labor. In retaliation, Mr. Kwon then fired her sister, Bescaida Matilde.

## FIRST CAUSE OF ACTION
### NYLL – Minimum Wage Violations

33. Pursuant to NYLL §652 , defendants were required to pay plaintiffs a minimum wage at a rate not less than $8.00 per hour for work performed in 2014, not less than $8.75 per hour for work performed in 2015, and not less than $9.00 per hour for work performed in 2016.

34. Pursuant to NYLL §663(3), a six-year statute of limitations applies.

35. As a result of the foregoing, plaintiffs have been deprived of compensation at the minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation pursuant to NYLL §663(1).

36. Defendants' violation of the NYLL was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

37. Defendants failed to make a good faith effort to comply with New York wage and hour laws.

## SECOND CAUSE OF ACTION
### FLSA – Federal Overtime Compensation Violations

38. Pursuant to 29 U.SC. § 207(a)(1), defendants were required to pay plaintiffs overtime compensation at not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

39. Defendant willfully, regularly and repeatedly failed to pay plaintiffs the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required by 29 U.S.C. § 207(a)(1).

40. As a result of defendants' unlawful acts, plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, an additional equal amount as liquidated damages, reasonable attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

41. Defendants' violation of the FLSA was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

42. Defendants failed to make a good faith effort to comply with federal wage laws.

## THIRD CAUSE OF ACTION
### NYLL Article 19 – Overtime Compensation Violations

43. Defendants have failed to pay plaintiffs overtime wages to which they are entitled under the NYLL Article 19 § 650 *et seq*., and the supporting New York State Department of Labor Regulations.

44. Defendants failed to pay plaintiffs overtime at a wage rate of one and one-half times their regular rate of pay.

45. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiff.

46. Defendants' violations of the NYLL have been willful and intentional.

47. Due to defendants' NYLL violations, plaintiffs are entitled to recover from defendants unpaid overtime, liquidated damages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest.

48. Defendants' violation of NYLL was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

49. Defendant failed to make a good faith effort to comply with state wage laws.

**FOURTH CAUSE OF ACTION**
**NYLL – Timely Payment of Wages**

50. At all times relevant to this action, defendants employed plaintiffs as a manual workers as defined by NYLL § 2(7) and 190 (4).

51. Defendants failed to pay plaintiff, weekly, no later than seven days after the end of the week in which the wages were earned in violation of N.Y. Labor Law §191(1)(a).

52. As a result of the foregoing, plaintiffs have been injured and defendants have profited in an amount to be proven at trial.

53. Defendants' violation of NYLL was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

54. Defendant failed to make a good faith effort to comply with state wage laws.

**FIFTH CAUSE OF ACTION**
**NYLL- Notice and record-keeping requirements**

55. Defendants failed to make, keep, and preserve accurate records with respect to plaintiffs, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.*, and supporting regulations.

56. Defendants failed to provide plaintiffs with a wage notice in English and the employees' primary language (in this case, Spanish) at the time of hiring, containing information outlined in NYLL § 195(1), including information such as the employees' rate of pay and any allowances claimed as part of the minimum wage.

57. Defendants failed to provide plaintiffs with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the dates worked, number of regular and overtime hours worked, and rate of pay.

58. As a result of defendant's violations of NYLL § 195(1) and (3), plaintiffs are entitled to recover damages of 50 dollars for each day defendant failed to provide the employee with a wage notice, as well as 250 dollars for each workweek defendant failed to provide the employee with a wage statement, not to exceed a total of 5,000 dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

59. Defendants' violation of NYLL was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

60. Defendants failed to make a good faith effort to comply with state wage laws.

### SIXTH CAUSE OF ACTION
**NYLL- Retaliation**

61. Defendants discharged Merze Matilde for complaining about conduct by her employer that she reasonably and in good faith believed violated the labor laws of the state of New York, in violation of NYLL Art. 7 §215.

62. Defendants discharged Bescaida Matilde in retaliation for her sister's intention of complaining to the Department of Labor, in violation of NYLL Art. 7 §215.

63. As a result of defendant's violations of NYLL §215, plaintiffs are entitled to receive liquidated damages in an amount not to exceed $20,000, costs, and attorney's fees.

64. Defendants' violation of NYLL was intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

65. Defendants failed to make a good faith effort to comply with state wage laws.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. Unpaid minimum wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA;

B. Unpaid wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

C. Unpaid spread of hours pay due and an additional and equal amount as liquidated damages pursuant to the NYLL;

D. 50 for each day that defendant failed to provide a Wage Notice in violation of NYLL § 195(1), or a total of 5,000 dollars, as provided for by NYLL Article 6 § 198(1)-d;

E. 250 dollars for each workweek that defendant failed to provide a wage statement in violation of NYLL § 195(3), or a total of 5,000 dollars, as provided for by NYLL Article 6 § 198(1)-b;

F. Liquidated damages for retaliation pursuant to NYLL Article 7 §215(2)(a)

G. Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining defendant from continuing their unlawful practices;

H. Pre-judgment interest and post-judgment interest as provided by law;

I. Reasonable attorney's fees, costs, and expenses; and

J. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

 /S/ Amanda Bransford 
Amanda Bransford, Esq.

**EMPIRE JUSTICE CENTER**
Amanda Bransford

        30 S. Broadway, 6th Floor
        Yonkers, NY 10701
        (914) 595-0910
        abransford@empirejustice.org

        Peter Dellinger
        1 West Main Street #200
        Rochester, NY 14614
        (585) 295-5811
        pdellinger@empirejustice.org

Dated: Yonkers, New York
       September 28, 2016